UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
FEB 0 5 2016



| | |
|---|---|
| BRUCE LINDHOLM, individually and as personal representative of the ESTATE OF ALEXANDER NELS LINDHOLM, and VANOOSHEH LINDHOLM, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | 3:15-CV-03003-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

## I. INTRODUCTION

Bruce Lindholm, individually and as personal representative of the Estate of Alexander Nels Lindholm, and Vanoosheh Lindholm (collectively "Plaintiffs") filed a Motion to Compel Discovery and for an Award of Attorney's Fees and Costs, Doc. 17, along with certification of good faith affidavits from counsel, Docs. 19, 20, in compliance with Federal Rule of Civil Procedure 37(a) and D.S.D. Civ. LR 37.1. Plaintiffs move for an order compelling BMW of North America, LLC ("Defendant") to respond to certain of Plaintiffs' requests for production of documents and interrogatories and to make additional initial disclosures. Plaintiffs also move for an order under Rule 37(a)(5) awarding Plaintiffs attorney's fees. For the reasons explained below, Plaintiffs' motion is granted in part and denied in part.

1

## II. FACTS PERTINENT TO MOTION

This products liability and wrongful death action centers on an incident that occurred on July 5, 2013. Docs. 1, 1-1, 1-2. According to Plaintiffs' complaint, Alexander N. Lindholm ("Alex") performed maintenance work on his 1997 BMW 540i in Pierre, South Dakota, and utilized the car's jack according to the car manual's directed use to elevate the vehicle. Doc. 1-1 at 2. Plaintiffs allege that, while Alex was under the vehicle, the jack "functionally failed and a plastic piece of the jack fractured, causing the vehicle to fall and crush Alex." Doc. 1-1 at 2. Plaintiffs allege that "Alex subsequently died from asphyxia due to the weight of the vehicle crushing his chest." Doc. 1-1 at 2.

Both parties exchanged initial disclosures, Docs. 18-3, 18-4, and Plaintiffs served Defendant with interrogatories and requests for production of documents on June 29, 2015, Doc. 18-5. Several of Plaintiffs' interrogatories—numbered 4, 5, 6, 7, 8, 9, 10, 11, 14, and 15—sought information about the alleged defective design of the jack and subject vehicle. Doc. 18-5 at 7–10. In addition, Plaintiffs sought to discover various documents relevant to the allegations in their Complaint. Doc. 18-5 at 11–18. Defendant objected to certain discovery requests claiming that the information requested is not in its possession or control. Doc. 18-6 at 6–10. Defendant made stock and repeated objections that the requests are vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Doc. 18-6 at 6–10. Plaintiffs argue that the requests are tailored to specific and relevant information at issue in the case, are not unduly burdensome, and may be obtained through Defendant's regular course of business as a distributor of BMW vehicles in the United States. Doc. 18 at 9; Doc. 26 at 3.

## III. APPLICABLE STANDARDS OF DISCOVERY

The Federal Rules of Civil Procedure concerning discovery "are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" Marook v. State Farm Mut. Auto. Ins., 259 F.R.D. 388, 394 (N.D. Iowa 2009) (quoting Rolscreen Co. v. Pella Prods., 145 F.R.D. 92, 94 (S.D. Iowa 1992)). Thus, a party generally may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. See Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is broader than the scope of admissibility. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Nonetheless, there must be at least a "threshold showing of relevance" before parties "are required to open wide the doors of discovery," and discovery must be proportional to the needs of the case. Id.; see Fed. R. Civ. P. 26(b)(1). Once the requesting party has made its threshold showing that the evidence sought is relevant, the burden shifts to the resisting party who must "show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 481 (D.S.D. 2012). The mere statement that an interrogatory or request for production was overly broad, burdensome, oppressive, or irrelevant is not adequate to prevail on such an objection. Lillibridge v. Nautilus Ins. Co., No. CIV. 10–4105–KES, 2013 WL 1896825, at *5 (D.S.D. May 3, 2013). The party alleging undue burden must demonstrate that the burden of producing the requested information would outweigh its beneficial value. St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000).

## IV. DISCUSSION

### A. Preliminary Issues

Rule 37 of the Federal Rules of Civil Procedure governs the issuance of an order compelling discovery. Fed. R. Civ. P. 37. Under Rule 37 and Local Rule 37.1 of the Civil Local Rules of Practice for the United States District Court of the District of South Dakota, Plaintiffs' counsel certified that they contacted Defendant's counsel prior to filing the instant motion to compel and attempted in good faith to resolve the parties' discovery disputes. Docs. 19, 20. Defendant does not dispute this, but responded that it did not have control over the requested material. Thus, the requirements of Rule 37 and Local Rule 37.1 have been met with respect to the good faith effort to resolve the dispute prior to the filing of the motion. See Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006).

Defendant filed two response briefs to Plaintiffs' motion; the first response brief was filed on December 7, 2015, and the second, supplemental brief was filed on December 11, 2015. Docs. 22, 25. Plaintiffs urge this Court to disregard Defendant's second brief in its entirety because it was filed after the time limits proscribed in Civil Local Rule 7.1(b) for a response brief. Doc. 26 at 1–2. Defendant filed the second brief after Plaintiffs deposed Peter Baur ("Baur"), Defendant's Manager of Product Analysis, on December 4, 2015. Doc. 25 at 1. Defendant filed the second brief believing Baur's testimony to be relevant to its opposition to the motion, "but his deposition transcript was not available at the time that [Defendant] filed its [first] Response." Doc. 25 at 1 n.1. Indeed, Baur was deposed just three days before Defendant filed its initial response brief. Under these circumstances, this Court would have granted leave for Defendants to enlarge its deadline to respond or to supplement its response brief. Moreover, there is no prejudice to Plaintiffs from the second brief in that Plaintiffs filed a reply brief on

4

December 18, 2015, after the second response brief, and highlighted portions of Baur's deposition different from those portions used in Defendant's second brief. Doc. 25 at 2–5; Doc. 26 at 4–5. Thus, this Court will consider Defendant's second, supplemental brief in ruling on this motion.

### B. Analysis of the Requests for Production of Documents at Issue

Under Rule 34 of the Federal Rules of Civil Procedure, a party may request that another party produce documents for inspection and copying. Fed. R. Civ. P. 34(a). If the responding party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested" the requesting party may move a court for an "order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Rule 34 applies to such documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[C]ontrol is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." In re Hallmark Capital Corp., 534 F. Supp. 2d 981, 982 (D. Minn. 2008) (internal quotation marks and quotation omitted); see also Hill v. Auto Owners Ins. Co., No. 5:14-CV-05037-KES, 2015 WL 1280016, at *7 (D.S.D. Mar. 20, 2015) ("The rule that has developed is that if a party 'has the legal right to obtain the document,' then the document is within that party's 'control' and, thus, subject to production under Rule 34." (quotation omitted)); 8B Charles A. Wright et al., Federal Practice & Procedure § 2210 n.4–5 (3d ed. 2010) (collecting cases defining control). A party does not need to have legal ownership or actual possession of documents to be required to produce them under Rule 34. See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) (stating

5

that the question is whether the litigant has "access and the practical ability to possess documents"); New York ex rel. Boardman v. Nat'l R.R. Passenger Corp., 233 F.R.D. 259, 267 n.9 (N.D.N.Y. 2006) ("A party may be required to produce documents even if it only controls the persons who are able to obtain the documents."); Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44, 46 (S.D.N.Y. 1951) (noting that "[t]he true test is control and not possession"). "The party seeking the production of documents bears the burden of proving that the opposing party has the control required under Rule 34." Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Nemaha Brown Watershed Joint Dist. No. 7, 294 F.R.D. 610, 613–14 (D. Kan. 2013); see also Myers v. Blumenthal, No. 8:14CV57, 2014 WL 4264788, at *6 (D. Neb. Aug. 28, 2014) (same); Wright, supra, § 2210 (same).

Defendant argues that the information requested by Plaintiffs is not in its possession or control because it is the importer, distributor, and marketer of certain BMW products within the United States and does not design, test, or manufacture vehicles or vehicle components. Doc. 22 at 2. Apparently Bayerische Motoren Werke AG ("BMW AG"), a European entity organized under the laws of the Federal Republic of Germany, manufactured the vehicle, and Storz Company ("Storz"), another non-party, manufactured the jack. Doc. 22 at 2. Defendant contends that it does not have the legal right to obtain information or documents from BMW AG because Defendant is an indirect subsidiary[1] that is a separate legal entity from BMW AG. Doc. 22 at 2–3, 6. Additionally, Defendant is not owned by BMW AG, is not BMW AG's agent, has separate officers and directors from BMW AG, and the information sought would not be available in its regular course of business as an affiliate who distributes vehicles in the United States. Doc. 22 at 7–14. Defendant presented excerpts of a deposition from Baur, where Baur

---

[1] The record lacks information on just how Defendant is "an indirect subsidiary" and what the precise relationship is between Defendant and BMW AG.

6

testified that if the information sought was requested, there is no requirement that BMW AG would have to disclose that information; if BMW AG did disclose information, Baur testified that it would be because BMW AG decided on its own to honor the request. Doc. 25 at 4–5.

Plaintiff counters that Defendant should be compelled to respond to discovery and make the requested disclosures because the information may be obtained through Defendant's regular course of business with BMW AG. Doc. 26 at 3–6. Plaintiff highlighted different portions of Baur's deposition where Baur testified that he telephones or emails various individuals at BMW AG on a daily basis; has had contact with at least one individual, Christian Dallmayr, an engineer in the product analysis department in Munich, about the instant case; and has received scanned documents from BMW AG in the past which may have included engineering plans of vehicles or vehicle parts if approved by BMW AG's legal department. Doc. 26 at 4–6. Plaintiff argues that this testimony illustrates that it would not be unduly burdensome for Defendant to ask for or receive the requested information because Defendant has contact with BMW AG as part of its regular course of business. Doc. 26 at 6. "Whether or not a request is 'approved' by BMW AG's legal department," Plaintiffs contend "is an issue that may leave [Defendant] with limited options as far as certain defenses" but does not overcome the broad scope of discovery and relevancy of the information requested. Doc. 26 at 6.

This case presents the not-entirely unfamiliar situation where a corporate defendant is related to another corporate non-party and it is the non-party who has possession of the materials requested in discovery. Because the facts of each such case vary greatly, courts in determining whether the party from whom the documents are sought has sufficient control over the non-party consider several factors, "including the corporate structures of the entities involved and the financial relationship between them, the overlap of directors and officers, the non-party's

7

connection to the transaction at issue, the issue of whether the non-party will receive the benefit of a favorable litigation outcome, and the ability of the party from whom documents are sought to obtain the documents upon demand." Playboy Entm't Grp., Inc. v. United States, No. CIV. A. 96-94-JJF, 1997 WL 873550, at *3 (D. Del. Dec. 11, 1997); see also Glaxo, Inc. v. Boehringer Ingelheim Corp., No. 3:95-CV-01342 (GLG), 1996 WL 710836, *3 (D. Conn. Oct. 7, 1996) (noting that control is found between sister corporations if one is the alter ego of the other); Camden Iron & Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438, 443–444 (D.N.J. 1991) (listing "access to documents when the need arises in the ordinary course of business" as factor to determine control (quotation omitted)). In United States International Trade Commission v. ASAT, Inc., the United States Court of Appeals for the District of Columbia Circuit acknowledged that it would be "impracticable" to hold that "all wholly owned subsidiaries engaged in sales and servicing" were "controlling their parent company's documents." 411 F.3d 245, 255 (D.C. Cir. 2005). Rather, "there must be a nexus between the [documents sought] and [the party's] relationship with its parent companies, taking into account, among other things, [the party's] business responsibilities." Id.; see also Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue, 839 F.2d 131, 140 (3d Cir. 1988) (collecting cases that found sufficient control even where corporate entities are separate if the parent company has the power to elect a majority of the board of directors for the subsidiary).

Here, Plaintiffs have not met their burden of demonstrating that Defendant has sufficient control to require BMW AG to comply with Plaintiffs' document requests. See Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas, 294 F.R.D. at 613–14 (requesting party has burden to show that opposing party has "control" of documents for purposes of production under Rule 34). In this case, Defendant is a legal entity separate from and not owned by BMW AG.

There is no agency relationship between Defendant and BMW AG, each has its own separate officers and directors, and there is no obligation on BMW AG to supply documents upon request from Defendant. See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 233 F.R.D. 143, 145–46 (D. Del. 2005) (concluding subsidiary was not obligated to obtain documents from foreign parent, notwithstanding vendor relationship between the two, because entities were separate and information was not utilized in the normal course of business).

Some cases have found that certain subsidiaries have adequate control of the parent's documents under Rule 34 where the subsidiary serves as a marketer, distributor, or servicer of the parent's product. See, e.g., Choice-Intersil Microsystems, Inc. v. Agere Sys., Inc., 224 F.R.D. 471, 472–73 (N.D. Cal. 2004); Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D. 127, 129–32 (D. Del. 1986); Cooper Indus., Inc. v. British Aerospace, Inc., 102 F.R.D. 918, 919–20 (S.D.N.Y. 1984). Those cases are factually distinguishable, however, because those subsidiaries had a closer connection to its parent corporation than Plaintiff has shown Defendant to have with BMW AG. See Choice-Intersil Microsystems, Inc. 224 F.R.D. at 472–73 (finding subsidiary had access and control over documents possessed by German corporate office because subsidiary was wholly owned by corporate office, variety of documents were shared in mutual databases, and subsidiary was able to retrieve important documents from corporate parent); Afros S.P.A., 113 F.R.D. at 129–32 (finding relationship between subsidiary, who is exclusive seller for parent, and parent "very close" because subsidiary was wholly owned by parent, parent's board had substantial oversight, key decisions rested with parent, and documents were previously provided and within subsidiaries reach); Cooper Indus., Inc., 102 F.R.D. at 919–20 (finding documents, including service manuals and blueprints, in possession of British manufacturer were in defendant's custody because defendant was the United States distributor for the manufacturer,

defendant represented itself as manufacturer's affiliate, requested documents were available in ordinary course of business because requested documents related to products that defendant works with every day, and when plaintiff attempted to obtain documents from manufacturer defendant told plaintiff that all requests should go through defendant first).

Plaintiffs argue that Baur's testimony proves that Defendant has access to the requested materials in its regular course of business as set forth by Glenz v. Sharp Electronic Corp., No. 08-3652 (FSH)(MAS), 2010 WL 2758729 (D.N.J. July 12, 2010). Although Baur's testimony establishes that Defendant could ask for and possibly receive engineering plans, thus showing disclosure is not "inconceivable" under Glenz, the fact remains that BMW AG is not required to disclose that information. Id. at *3. A mere possibility that a request may be complied with does not equate to control under Rule 34. Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1426 (7th Cir. 1993) ("[T]he fact that a party could obtain a document if it tried hard enough . . . does not mean that the document is in its possession, custody, or control; in fact it means the opposite."); Wright, supra, § 2210 ("[C]ourts should be alert to the possibility that despite good–faith efforts parties may prove unable to obtain materials from nonparties."); cf. Camden Iron & Metal, Inc., 138 F.R.D. at 443–444 (holding that wholly owned subsidiary had sufficient control to obtain information from parent corporation because parent corporation was intimately involved with contract at issue, documents were part of regular course of business between two companies, and subsidiary had "easy and customary access" to parent's documents involving the transaction at issue). Therefore, the Court denies Plaintiffs' motion with respect to the request for documents in the possession of BMW AG. However, Defendant's stock and repeated objections to requests being vague, overbroad, and not reasonably calculated to lead to the

discovery of admissible evidence are overruled and, if Defendant relied on any of those objections to withhold documents, any such documents must be produced forthwith.

### C. Analysis of Interrogatories at Issue

Plaintiffs' motion also seeks an order from this court compelling Defendant to answer interrogatories numbered 4, 5, 6, 7, 8, 9, 10, 11, 14, and 15, which seek to discover information about the alleged design defect of the jack and subject vehicle. Rule 37(a)(3)(B)(iii) allows a party seeking discovery to move a court for an "order compelling an answer, designation, production, or inspection" if the responding party "fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). "A party answering interrogatories is required to provide information that is available to it and can be produced without undue labor and expense." Miller v. Pruneda, 236 F.R.D. 277, 282 (N.D. W. Va. 2004). The party objecting to interrogatories bears the burden of showing that the information sought is not reasonably available to it. See Wright, supra, § 2174. "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." Essex Builders Grp., Inc. v. Amerisure Ins., 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quotation omitted); see also Wright, supra, § 2177 & n.5 ("If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available."). Defendant objected to certain of the interrogatories on similar grounds as the objections to the requests for production of documents; that is, it asserted that the information is not within its control and that the requests are vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Doc. 18-6 at 6–10.

"The majority interpretation of Rule 33 requires that a corporation furnish such information as is available from the corporation itself *or from sources under its control.*" Westinghouse Credit Corp. v. Mountain States Mining & Milling Co., 37 F.R.D. 348, 349 (D. Colo. 1965) (citations omitted); see also Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 413 (N.D. Ill. 2007) ("Rule 33 imposes a duty to provide full answers to interrogatories, including all the information within the responding party's knowledge and control."). For the same reasons discussed in the preceding section, Defendant has provided facts supporting that it does not have control generally over information from BMW AG, although it certainly has control over whatever it has received from BMW AG as a part of its business relationship with that entity. Glenz, 2010 WL 2758729, at *4 (finding interrogatory was properly objected to by defendant where defendant could not access information requested from another entity through ordinary course of business); Am. Int'l Specialty Lines Ins. Co., 240 F.R.D. at 413 (denying motion to compel because defendants had no control over non-parties); United States v. Asarco, Inc., 471 F. Supp. 2d 1063, 1065 (D. Idaho 2005) (finding company was not required to respond to interrogatory where information dealt with non-party outside of company's knowledge). However, Defendant still must set forth what effort it made to obtain information sought by an interrogatory. Essex Builders Grp., Inc., 230 F.R.D. at 685. Defendant avoided giving any meaningful answer to interrogatories 4, 5, 6, 7, 8, 9, 10, 11, 14, and 15, and should either provide a substantive answer if it knows or indicate that it does not know the identities of any person involved in such product development, design, or engineering or material or communications related thereto as sought by the interrogatories. Defendant may have twenty-one days to supplement its interrogatory answers to better answer the interrogatories. Defendant's stock and repeated objections to the interrogatories being vague, overbroad, and not

reasonably calculated to lead to the discovery of admissible evidence are overruled. Further, Defendant's complete refusal to abide by a reasonable definition of the word "identify,"[2] Doc. 18-5 at 6 (instructing what "identify" means), renders the interrogatory answers incomplete, Wright, supra, § 2177 ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry.").

### D. Analysis of Initial Disclosures

Next, Plaintiff protests that Defendant did not disclose the name and contact information for BMW AG or Storz in its initial disclosures despite its knowledge of that information. Doc. 18 at 2–3. Plaintiff requests that Defendant "be precluded from hiding behind another entity as the failure to disclose was not 'substantially justified' and is certainly not harmless . . . ." Doc. 18 at 7. If a party fails to make initial disclosures as required by Rule 26(a), the "other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Additional and alternative sanctions may also be imposed under Rule 37(c)(1)(A)–(C). Fed. R. Civ. P. 37(c)(1)(A)–(C). The latter part of Rule 26(a)(1)(A)(i), however, only requires a party to provide initial disclosures of contact information for those individual likely to have discoverable information "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P.

---

[2] Plaintiffs' instruction on how to identify a person simply sought "his/her name," "his/her last known business and residence address and telephone number," and information on the person's employment or title at the relevant time. Doc. 18-5 at 6. This is not an unreasonable definition of "identify" and should be answered, save for the residence address or residence phone of those people who are employed with Defendant or an affiliate of Defendant.

13

26(a)(1)(A)(i). Defendant asserts that its initial disclosure did not include information about BMW AG or Storz because it has no intention of using that information for its claims or defenses. Doc. 22 at 14–15. Thus, given Defendant's stated intentions, it was not required to name BMW AG or Storz or their representatives in its initial disclosures, but may be precluded from calling any such witnesses or using such information at trial. However, that is for consideration on a later motion in limine or at trial, rather than a ruling now.

### E. Sanctions

Finally, Plaintiffs move for an order under Rule 37(a)(5) awarding Plaintiffs' attorney's fees for Defendant's failure to properly and timely respond to discovery and necessitating the filling of this motion. If a motion to compel discovery is granted in part and denied in part, a district court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The district court has broad discretion in imposing discovery sanctions. Good Stewardship Christian Ctr. v. Empire Bank, 341 F.3d 794, 798 (8th Cir. 2003); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (noting abuse of discretion standard). Because a legitimate question of control was presented and because this Court has overruled certain of Defendant's objections, an award of sanction is not appropriate under these circumstances for either party.

### V. CONCLUSION

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Compel Discovery and for an Award of Attorney's Fees and Costs, Doc. 17, is granted in part and denied in part and Defendant is directed to

supplement its interrogatory answers and review and possibly supplement its responses to requests for production of documents within twenty-one (21) days of the date of this order.

DATED this 5th day of February, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

15