UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| BRUCE LINDHOLM, individually and as personal representative of the ESTATE OF ALEXANDER NELS LINDHOLM, and VANOOSHEH LINDHOLM, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | 3:15-CV-03003-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY |

Plaintiffs Bruce Lindholm, individually and as personal representative of the Estate of Alexander Nels Lindholm, and Vanoosheh Lindholm filed a Notice of Motion and Motion to Compel Discovery and for an Award of Attorney's Fees and Costs, Doc. 38, along with certification affidavits of good faith from counsel, Docs. 40, 41, in compliance with Local Rule 37.1 of the Civil Local Rules of Practice for the United States District Court of the District of South Dakota. Plaintiffs seek an order compelling BMW of North America, LLC ("BMW NA") to respond to certain requests made by Plaintiffs for production of documents. Plaintiffs also move for an order under Rule 37(a)(5) awarding attorney's fees. For the reasons explained below, Plaintiffs' motion is granted only in part and attorney's fees are not awarded to either party.

## I. FACTS PERTINENT TO MOTION

This products liability and wrongful death action centers on a tragic incident that occurred on July 5, 2013. Docs. 1, 1-1, 1-2. On July 5, 2013, Alexander N. Lindholm ("Alex") was performing maintenance work on his 1997 BMW 540i in Pierre, South Dakota, and was utilizing the car's jack to elevate the vehicle. Doc. 1-1 at 2. Plaintiffs allege that, while Alex was under the vehicle, the jack "functionally failed and a plastic piece of the jack fractured, causing the vehicle to fall and crush Alex." Doc. 1-1 at 2. Alex died from asphyxia due to the weight of the vehicle crushing his chest. Doc. 1-1 at 2.

On March 25, 2015, this Court entered its Rule 16 Scheduling Order. Doc. 7. Under that order, all discovery was to be completed by November 16, 2015, and all motions, other than motions in limine, were to be filed and served by December 31, 2015. Doc. 7 at ¶¶ 4, 9 (emphasis omitted).

In early September of 2015, BMW NA's counsel informed Plaintiffs' counsel that the BMW NA corporate representative for the case would be Peter Baur ("Baur"). Doc. 43-2. Counsel for both parties exchanged dates for Baur's deposition, but because of scheduling conflicts, Baur's deposition ultimately was set for December 4, 2015. Docs. 43-2, 43-3, 36-2. No party moved to enlarge the discovery deadline, but both parties agreed to take the deposition outside of the discovery deadline. Docs. 43-3, 36-2. Two days before Baur's deposition, Plaintiffs' counsel emailed BMW NA's counsel and requested that Baur review court records "prior to and/or bring" documents from two cases which Plaintiffs' counsel believed to involve E39 model jacks. Doc. 39-2. Specifically, Plaintiffs' counsel requested that Baur search his records for documents from a case titled "Gallimore v. BMW of NA, Case No. 05-10652," and for an inspection report that was done for a case titled "Beaver v. BMW NA." Doc. 39-2.

Plaintiffs' counsel explained that he learned of the Beaver inspection report through Baur's testimony in a New York case titled "Benton v. BMW NA, Index No. 110022/2011." Doc. 39-2. BMW NA's counsel replied via email that same day and stated that although production on such short notice was unlikely, the request would be forwarded to BMW NA and Baur. Doc. 39-3. BMW NA's counsel concluded the email by stating, "As you know, under [Rule] 34 BMW [NA] is entitled to 30 days to respond to a request for documents which is what you are making here." Doc. 39-3.

At Baur's deposition, Baur did not produce documents concerning the cases referenced in the December 2, 2015 email and testified that he had no specific recollection of either case. Doc. 39-5 at 2–3. BMW NA objected to Plaintiffs' line of questioning regarding documents from other cases as untimely and stated that BMW NA would "need the time that is ordinarily allowed under Rule 34 to respond" to Plaintiffs' requests. Doc. 39-5 at 1.

After the deposition, on December 29, 2015, Plaintiffs' counsel sent a letter to BMW NA's counsel requesting the following:

> 1. Any and all records in BMW NA's in [sic] possession pertaining to the cases involving car jacks, including, but not limited to, Beaver v. BMW NA; Benton v. BMW NA and Gallimore v BMW NA including any portions of the files that are not privileged. If privilege is claimed for any documents, identify such and set forth what privilege BMW NA intends to rely on.
>
> 2. A true and correct copy of the "inspection" and related report that Mr. Baur performed on the car jack in Beaver v. BMW NA and/or Benton v. BMW NA.
>
> 3. Any and all complaints, either where a car jack provided with any E39 model BMW "broke" or "failed" as defined by Mr. Baur, which are kept in the "database" as stated by Mr. Baur.

Doc. 39-4 at 1. These requests were similar to, but broader than, the email request for documents sent two days before Baur's deposition. Cf. Doc. 39-2. Plaintiffs' counsel asked

3

that he be notified if BMW NA required a formal request for production of documents. Doc. 39-4 at 2.

On February 6, 2016, Plaintiffs' counsel again emailed BMW NA's counsel because BMW NA had neither responded to nor produced the requested documents. Doc. 39-6. Plaintiffs' counsel sent a letter to the same effect to BMW NA's counsel on February 8, 2016. Doc. 39-7. BMW NA's counsel acknowledged receipt of the email and letter, pointed out that both requests were made after the discovery deadline, and stated that "[b]ecause these requests were made informally, please consider this BMW NA's informal response objecting to them." Doc. 39-8. Plaintiffs made further attempts to resolve this discovery issue, but BMW NA maintained its objections. Doc. 40 at ¶ 3; Doc. 41 at ¶ 3; Doc. 43.

## II.  DISCUSSION

### A. Motion to Compel Production

Rule 16 of the Federal Rules of Civil Procedure governs scheduling and management of federal cases. A scheduling order "must limit the time . . . to complete discovery." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this case, both parties chose to complete discovery after the discovery deadline set by this Court and without seeking a court order enlarging that discovery deadline. This Court would have granted a joint motion to enlarge the discovery deadline with the explanation of the delay caused by the timing of the disclosure of Baur as BMW NA's corporate representative and by the delay in agreeing upon a date for his deposition. This case presents the unusual issue of discovery requests which were made and a discovery dispute which arose after the discovery deadline in a Rule 16 Scheduling Order, but where the

4

parties agreed to conduct discovery after the deadline. How to rule on such a post-discovery deadline discovery dispute is within the discretion of the Court and ought to be guided by the principle embedded in Rule 1 to construe, administer, and employ the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; see also Jaakola v. U.S. Bank Nat. Tr. Ass'n, 609 F. App'x 877, 879 (8th Cir. 2015) (per curiam) (stating that district courts have "very wide discretion in handling pretrial discovery" (quotation omitted)).

The Federal Rules of Civil Procedure concerning discovery are liberally construed and extremely broad in scope because "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947); see also Black Hills Molding, Inc. v. Brandom Holdings, LLC, 295 F.R.D. 403, 410 (D.S.D. 2013); 8 Charles A. Wright et al., Federal Practice & Procedure § 2007 (3d ed. 2010). Under Rule 34 of the Federal Rules of Civil Procedure, a party may serve a request that another party produce documents for inspection and copying. Fed. R. Civ. P. 34(a). The responding party must reply in writing to the discovery requests within thirty days after being served. Fed. R. Civ. P. 34(b)(2)(A). "[I]f not timely asserted, objections to discovery requests are waived, unless the court finds good cause to excuse the failure to object," Heil v. Belle Starr Saloon & Casino, No. CIV. 09-5074-JLV, 2011 WL 1256859, at *3 (D.S.D. Mar. 30, 2011), and "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond," Fed. R. Civ. P. 37(a)(4).

If the responding party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested" the requesting party may move a court for an "order compelling an answer, designation, production, or inspection." Fed. R. Civ.

P. 37(a)(3)(B)(iv). There is no time limit for filing a motion to compel under Rule 37. See Fed. R. Civ. P. 37. Nonetheless, absent a directive from the court's scheduling order, motions to compel discovery filed prior to the discovery deadline are generally found to be timely, whereas motions "filed after the discovery deadline have routinely been found to be untimely." Voter v. Avera Brookings Med. Clinic, No. Civ. 06-4129-KES, 2008 WL 4372707, at *2 (D.S.D. Sept. 22, 2008) (citing cases and finding plaintiff's motion to compel untimely because motion was filed four months after completion of discovery and three weeks before trial, no justification was given for tardiness of motion, and plaintiff knew of discovery request "long before the discovery deadline"). The Rule 16 Schedule Order in this case stated that "[m]otions to compel discovery should be filed within 14 days after the subject matter of the motion arises," and only after the parties have complied with Civil Local Rule 37.1. Doc. 7 at ¶ 5.

Plaintiffs argue that their motion to compel discovery should be granted because BMW NA untimely objected to their relevant requests—which BMW NA's counsel characterized as a request for documents under Rule 34—and thus waived its right to object and must respond or face further sanctions. Doc. 39 at 4–5; Doc. 45 at 1. Plaintiffs rely on Heil v. Belle Starr Saloon & Casino, 2011 WL 1256859, at *3, in which Magistrate Judge Veronica Duffy granted a plaintiff's motion to compel and awarded attorney's fees after finding that the defendant did not timely object to relevant requests. Plaintiffs seek to justify the discovery taken after the November 16, 2015 deadline because the only two defense witnesses identified were deposed after the deadline. Doc. 39 at 5. Plaintiffs argue that if the Court's discovery deadline were strictly enforced, BMW NA's "fact and expert witness would be precluded from testifying, and this would essentially be a trial on damages." Doc. 45 at 2.

6

BMW NA counters that Plaintiffs' motion should be denied because, despite knowing approximately two months before the discovery deadline that Baur would be deposed, Plaintiffs did not serve proper discovery requests before the discovery deadline, did not move for a continuance or extension of the Court's scheduling order, and now rely on the fact that Baur's deposition occurred after the discovery deadline to justify their requests. Doc. 43 at 5. BMW NA maintains that Plaintiffs' December 2, 2015 email and December 29, 2015 letter do not constitute properly served discovery under Local Rule 5.1(B)(3)[1] of this Court's Civil Local Rules because neither attached a certificate of service.[2] Doc. 43 at 6. According to BMW NA, the objections it made were proper and not waived because Plaintiffs' "informal and improper documents requests made after the close of discovery do not require objections." Doc. 43 at 6. Thus, BMW NA asserts that the requests were made informally, untimely, and in bad faith. Doc. 43 at 5. BMW NA also urge this Court to distinguish Heil because in Heil the discovery requests were proper, timely, and complied with the scheduling order. Doc. 43 at 6.

Neither party disputes that the requests for documents at issue are relevant. The requests involve documents from cases where BMW NA was a party in a lawsuit which, according to Plaintiffs, involved an identical or similar jack to the one at issue in this case.

A significant threshold issue is whether Plaintiffs' informal document requests are requests for production under Rule 34 sufficient to support a motion to compel under Rule 37(a)(3). Usually, informal discovery requests are not recognized as appropriate discovery requests under the Federal Rules of Civil Procedure sufficient to justify granting a motion to

---

[1] BMW NA incorrectly cited to Local Rule 3, which does not exist, instead of subsection three to Local Rule 5.1(B) which addresses certificate of service for filing pleadings and other papers.
[2] Local Rule 5.1(B)(3) provides that if the Court's CM/ECF system is not used for filing, that "a certificate of service must be attached to the document identifying the persons served and the manner in which service was accomplished." D.S.D. Civ. LR 5.1(B)

7

compel. See, e.g., Simon v. Taylor, No. CIV 12-0096 JB/WPL, 2014 WL 6633917, at *24–29 (D.N.M. Nov. 18, 2014) (surveying cases, interpreting purpose of Federal Rules of Civil Procedure, and finding that informal request for documents would not serve as a basis for a motion to compel discovery); Studio & Partners v. KI, No. 06-CV-0628, 2007 WL 896065, *1 (E.D. Wis. Mar. 22, 2007) (finding that an informal discovery request "does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel"); James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 694–95 (S.D. Fla. 2006) (holding that a motion for production would not be compelled where defendant requested records by an informal letter); Sithon Mar. Co. v. Mansion, No. CIV. A. 96-2262-EEO, 1998 WL 182785, *2 (D. Kan. Apr. 10, 1998) (recognizing that unlike formal discovery, an informal request for production of documents by letter does not require certification of conferring, service, representation of counsel, and does not implicate the duties of opposing counsel to respond); Roberts v. Americable Int'l Inc., 883 F. Supp. 499, 501 n.2 (E.D. Cal. 1995) (noting that although informal requests are frequently utilized by counsel, only formal discovery requests are recognized under the Federal Rules of Civil Procedure). However, some courts have found that informal requests can satisfy Rule 34—a prerequisite for a motion to compel under Rule 37(a)(3). See, e.g., Emp'rs Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co., No. CV 2005-0620(JFB)(MDD), 2006 WL 1120632, *2–3 (E.D.N.Y. 2006) (rejecting "form over substance" argument and finding that disclosure was warranted because informal discovery sufficiently described the documents sought); Dixon v. Cappellini, 88 F.R.D. 1 (M.D. Pa. 1980) (finding oral request for documents at deposition, followed by an exchange of letters regarding the request between counsel satisfied Rule 34 in "spirit," although the procedure did not, because the request

8

described the documents "with reasonable particularity, and . . . both parties were aware which documents were involved").

Plaintiffs' informal discovery requests and BMW NA's response thereto make for a difficult decision on whether a motion to compel is an appropriate request. Rule 34 contemplates formal service of request for production of documents. Treating informal requests in emails or letters as if they are formal Rule 34 requests for production of documents introduces uncertainty between the parties and ultimately with a court on responsibility to respond. The email from Plaintiffs' counsel on December 2, 2015, (two days before Baur's deposition and two weeks after the discovery deadline) was not a formal request for production of documents served under and satisfying Rule 34. However, the response of BMW NA's counsel, both by email and during the Baur deposition, invoking Rule 34 to entitle BMW NA to have thirty days to respond clouds the analysis. Plaintiffs reasonably could have believed based on those responses that the documents would be forthcoming in thirty days and that BMW NA was accepting the email as if a formal request for production of documents, despite it having been made after the discovery deadline. That is, the manner in which BMW NA responded to the December 2 email waived the argument asserted now about the lack of formality and tardiness of the request. See Fin. Timing Publ'ns, Inc. v. Compugraphic Corp., 893 F.2d 936, 940 (8th Cir. 1990) (finding that objection was waived by opposing party's own actions where opposing party, among other things, initially agreed to comply with opposing counsel's request and participated for some time without objection).

However, BMW NA made no similar response to the broader, slightly more formal, yet still informal request in the December 29, 2015 letter (made more than three weeks after the Baur deposition and six weeks after the discovery deadline). BMW NA ignored that letter

9

request altogether and responded in February of 2016 noting that the requests were made beyond the deadline and that BMW NA objected. Concerning the December 29, 2015 letter, BMW NA made no statement, oral or written, on which Plaintiffs could rely for not seeking extension of the discovery deadline, reopening of discovery, and formal service of Rule 34 requests for production of documents.

This Court is puzzled why the parties did not jointly move to enlarge the discovery deadline when they plainly were cooperating and agreed to conduct discovery after the discovery deadline. Certainly no party should take from this Opinion and Order the conclusion that parties can willy-nilly conduct discovery in a federal case after the discovery deadline. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril" because such a disregard "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." (internal quotation marks and quotation omitted)). Rather, the ruling here is unique to the peculiar circumstances of this case. This Court will grant Plaintiffs' motion to compel only to the extent that BMW NA is required to produce non-privileged records that were in Baur's control in December of 2015 from a case titled "Gallimore v. BMW of NA, Case No. 05-10652," and the inspection report that Baur did for "Beaver v. BMW NA." Otherwise, the motion to compel is denied.

### B. Attorney's Fees and Costs

Plaintiffs move for an order under Rule 37(a)(5) awarding Plaintiffs' attorney's fees and costs for BMW NA's failure to properly and timely respond to discovery and necessitating the filling of this motion. BMW NA argues that attorney's fees and costs must not be awarded under

Rule 37(a)(5)(A)(i)–(iii) because Plaintiffs ignored this Court's scheduling order and filed this motion "in an effort to sidestep discovery procedures and deadlines of which they were well-aware." Doc. 43 at 7. BMW NA asserts that it should be awarded reimbursement of their expenses related to this motion under Rule 37(5)(B) because it believes Plaintiffs' motion was not justified. Doc. 43 at 7.

A district court has broad discretion in imposing discovery sanctions. Good Stewardship Christian Ctr. v. Empire Bank, 341 F.3d 794, 798 (8th Cir. 2003); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (noting abuse of discretion standard). In this case, both parties bear responsibility for conducting discovery beyond the discovery deadline without seeking an order enlarging the discovery deadline. Neither party has prevailed on their arguments in full. Therefore, neither party is awarded fees or costs under Rule 37(a)(5)(B).

## III. CONCLUSION

Therefore, it is hereby

ORDERED that Plaintiffs' Motion to Compel Discovery and for an Award of Attorney's Fees and Costs, Doc. 38, is granted in part and denied in part as set forth in this Opinion and Order. It is hereby

ORDERED that BMW NA respond within twenty-one (21) days of this Court's order to the production requests contained in the December 2, 2015 email.

DATED this 25th day of April, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

11